# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JENNA L. CARNEY, an individual;<br><br>Plaintiff,<br>vs.<br><br>IQ DATA INTERNATIONAL, a Washington Corporation; SENTRY RECOVERY & COLLECTIONS, INC. a Nevada Corporation; MG PROPERTIES GROUP, a corporation of unknown place of incorporation, d/b/a Sedona Lone Mountain Apartments, d/b/a/ Azure Villas II apartments, FORE PROPERTY COMPANY, A Nevada Corporation, d/b/a Glenbrook Terrace; ANZA MANAGEMENT COMPANY, a California Corporation, PICERNNE REAL ESTATE GROUP, a privately held corporation of unknown state of incorporation d/b/a Pavillions at Providence Apartments, SW LANDLORDS, a business entity of unknown form, THE CROSSINGS AT LAKE MEAD, an apartment complex of unknown for or identity of ownership, and DOES 1 THROUGH 10 AND ROE CORPORATIONS 11 THROUGH 20, INCLUSIVE.<br><br>Defendants. | CASE NO. 2:18-CV-00195-GMN-PAL<br><br>*Honorable Judge Gloria M. Navarro*<br><br>*Magistrate Judge Peggy A. Leen*<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>Complaint Filed: September 9, 2017 |

Following consideration of defendant I.Q. Data International, Inc.'s ("I.Q. Data") Motion for a Protective Order, any opposition thereto, I.Q. Data's reply, and all other pleadings filed in this matter, the Court **GRANTS** I.Q. Data's Motion for a Protective Order. The Court further finds and orders the following:

/ / /

The Court finds that certain documents likely to be disclosed or produced during the course of this litigation set forth I.Q. Data's confidential, proprietary, trade secret, or otherwise protectable commercial information and that good cause exists for entry of a Protective Order to safeguard the confidentiality of that information. Accordingly, the Court orders that all parties shall comply with the terms and conditions of the following Protective Order:

## **PROTECTIVE ORDER**

**I.  DEFINITIONS**

The following Definitions shall apply in this Order:

A.  The term "**Confidential Information**" means and refers to any and all private, non-public material and/or information, including without limitation material and information containing, constituting, or derived from: trade secrets; proprietary technical, financial, commercial, business, development or research information; information about existing and potential customers; marketing studies, strategies, performance, projections; business strategies, decisions and/or negotiations; personnel compensation, employment evaluations, confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Designating Person has or had business relationships; and private third party information. The term shall encompass information that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

B.  The term "**Materials**" will include, but is not be limited to: documents; correspondence; memoranda; financial information; email; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives. The term includes information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for

1 admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

C. The term "**Counsel**" or "**Attorney**" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: Cohen-Johnson, LLC; Cohen Johnson Parker Edwards; Law Office of Karl Andersen, PC, Isso & Hughes Law Firm; and Gordon Rees Scully Mansukhani, LLP. The term shall also encompass the parties' in-house counsel.

D. The term "**Designating Person**" means and refers to any person who is a party in this case or a third-party witness, and his/her/its counsel who designates information as Confidential Information in accordance with this Protective Order.

## II. LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

The following provisions shall apply in this litigation:

1. Any Designating Person that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Designating Person believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

(a) Designation as "CONFIDENTIAL": Any Designating Person may designate information as "CONFIDENTIAL" only if it deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 and that the material contains confidential and/or proprietary commercial information that is not generally available to the public, or that the material includes private third party information. Such information may include, but it not limited to, commercial trade secrets, proprietary commercial information, sensitive third party identifying or financial information, and/or related information.

(b) Designation as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY": Any Designating Person may designate information as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" only if it deems that disclosure of such material to another person

or party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 and that the material contains highly propriety technical or trade secret or business information. Such information may include, but is not limited to, confidential research, development, financial, customer-related data, pricing, production, cost, marketing, strategic planning, customer, or other commercial information, as well as highly sensitive third party data Any documents, information, or materials provided by a party for the purpose of settlement discussion prior to the entry of this Order by the Court shall be deemed "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" unless otherwise designated.

2. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL," unless the Materials are specifically marked as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

3. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY." Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the parties as Confidential Information.

(b) the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below; and

(c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

4. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5. Information designated "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" may be viewed only by:

(a) Counsel (as defined in paragraph I.C., above) of the receiving party;

(b) Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c) The Court and any Court staff and administrative personnel;

(d) Any court reporter employed in this litigation and acting in that capacity; and

(e) The author, addressees and recipients of the documents and for whom disclosure is reasonably necessary.

///

1       (f)     The receiving party's insurance carrier or carrier(s) and their counsel to the extent reasonably related to any actual or potential coverage in connection with this litigation.

      (g)     Third parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only.

      (h)     Any other person as to whom Counsel for the parties previously agree in writing, and who execute a copy of the "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A. However, nothing in this subsection (h) shall obligate the producing party to agree to disclosure to persons not identified in subsections 5(a) – (g) above.

6.     Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 5, above, and by the additional individuals listed below:

      (a)     The parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose;

      (b)     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

      (c)     Stenographic and clerical employees associated with the individuals identified above.

7.     All information that has been designated as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation. The designation does not apply to principals, employees, or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY".

/ / /

8. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.

9. Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" shall be used solely for the prosecution or defense of this action.

10. At any stage of these proceedings, but no later than sixty (60) days before trial, any party may object to a designation of Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved. Unless any applicable statutes or rules provide otherwise, the challenging party shall bear the burden of proving that the information has not been properly designated as CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY.

11. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

13. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the producing party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" – SUBJECT

TO PROTECTIVE ORDER.

14. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

15. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

16. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

17. Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

18. Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

19. Within thirty (30) days of the final termination of this action, including any and

all appeals, Counsel for each party must purge all Confidential Information, whether on paper or in electronic format from all machine-readable media on which it resides, and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy same. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Material remain subject to this Protective Order as set forth in Section II.25 below.

20. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree, or the Court rules, should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

21. Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

(a) Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b) Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as

allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

      (c)    All such designations must be made within thirty (30) days of the date of this Order.

22. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

23. This Order may be modified by agreement of the parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

25. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record.

26. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information and the redaction of any "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" designation may be the subject of further agreement of the parties or order of the Court.

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: August 22, 2018

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JENNA L. CARNEY, an individual;<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>IQ DATA INTERNATIONAL, a Washington Corporation; SENTRY RECOVERY & COLLECTIONS, INC. a Nevada Corporation; MG PROPERTIES GROUP, a corporation of unknown place of incorporation, d/b/a Sedona Lone Mountain Apartments, d/b/a/ Azure Villas II apartments, FORE PROPERTY COMPANY, A Nevada Corporation, d/b/a Glenbrook Terrace; ANZA MANAGEMENT COMPANY, a California Corporation, PICERNNE REAL ESTATE GROUP, a privately held corporation of unknown state of incorporation d/b/a Pavillions at Providence Apartments, SW LANDLORDS, a business entity of unknown form, THE CROSSINGS AT LAKE MEAD, an apartment complex of unknown for or identity of ownership, and DOES 1 THROUGH 10 AND ROE CORPORATIONS 11 THROUGH 20, INCLUSIVE.<br><br>　　　　　Defendants. | CASE NO.: 2:18-cv-00195-GMN-PAL<br><br>*Honorable Gloria M. Navarro*<br><br>*Magistrate Judge Peggy A. Leen*<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

　　　I, _____, declare and say that:

　　　1.　　I am employed as _____ by _____.

　　　2.　　I have read the Protective Order (the "Order") entered in *Jenna L. Carney v. I.Q. Data International, Inc., et al.*, venued in the United States District Court for the District of Nevada, Case No. 2:18-cv-00195-GMN-PAL, and have received a copy of the Order.

　　　3.　　I promise that I will use any and all "Confidential" or "Confidential – For Attorneys' Eyes Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

　　　4.　　I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Attorneys' Eyes Only" information with anyone other than the persons described in the

Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nevada with respect to the enforcement of the Order.

6. I understand that any disclosure or use of "Confidential" or "Confidential – For Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7. I will return all "Confidential" or "Confidential – For Attorneys' Eyes Only" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" or "Confidential – For Attorneys' Eyes Only" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____

## **ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of August, 2018, and pursuant to Fed. R. Civ. Pro. 5, I served via CM/ECF a true and correct copy of the foregoing **[PROPOSED] PROTECTIVE ORDER** to:

Jennifer Isso
ISSO & HUGHES
2470 St. Rose Parkway, Suite 306-F
Henderson, NV 89074
*Attorney For Plaintiff*

Karl J. Andersen, Esq.
Law Office of Karl Andersen, PC
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
*Attorney for Defendant Picernne Real Estate Group dba Pavillions at Providence Apartments*

_____
Fatima Ansary
An Employee of GORDON REES SCULLY MANSUKHANI, LLP